IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRACY LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3301 |
| | ) | |
| STACEY BINEGAR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Stacey Binegar's Motion for Judgment on the Pleadings (d/e 9).  For the reasons set forth below, the Motion is ALLOWED.

Rule 12(c) motions for judgment on the pleadings are reviewed under the same standard as Rule 12(b)(6) motions.  188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).  The Court may consider all pleadings, including the Complaint (d/e 1), Answer (d/e 5), and attached exhibits.  Fed. R. Civ. P. 12(c); Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).  The Court must accept as true all of Plaintiff Tracey Lewis' well-pleaded factual

1

allegations and draw all inferences in the light most favorable to her.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the allegations must set forth a short and plain statement of the claim showing that Lewis is entitled to relief.  <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007); <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499 F.3d 663 (7th Cir. 2007).

## STATEMENT OF FACTS

Lewis alleges that she was an elementary teacher employed by the Riverton Community Unit School District No. 14, in Riverton, Illinois.  She taught at the Riverton Elementary School (School).  Defendant Stacey Binegar was Principal of the School.  Lewis alleges that, beginning in the fall of 1995, Binegar subjected Lewis to abusive treatment, eventually forcing Lewis to leave her employment with the School.  Lewis alleges that Binegar singled her out for this abusive treatment.  Lewis alleges that Binegar's actions violated Lewis' constitutional right to equal protection. Lewis alleges that there was no rational basis for the difference in Binegar's treatment of her.  Lewis also alleges that Binegar subjected her to this disparate, abusive

treatment out of bad faith motives unrelated to any legitimate employment objective. Complaint, ¶¶ 9-14.

ANALYSIS

Lewis seeks to bring a "class-of-one" equal protection claim against Binegar for Binegar's treatment of her in her employment with the School. Class-of-one claims are generally available if: (1) a defendant, acting under color of law, treated plaintiff differently than other similarly-situated individuals; (2) defendant: (a) had no rational basis for the difference in treatment, or (b) acted out of a spiteful motive unrelated to a legitimate objective; and (3) plaintiff was injured thereby. E.g., Levenstein v. Salafsky, 414 F.3d 767, 776 (7th Cir. 2005); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001).

After Lewis filed this action, however, the Supreme Court decided that class-of-one claims are not available in public employment contexts. Engquist v. Oregon Dept. of Agr., __ U.S. __, 128 S.Ct. 2146, 2148-49 (2008). Binegar, therefore, is entitled to judgment.

Lewis argues that the Engquist decision only eliminated class-of-one claims in employment contexts in which the defendant had no rational basis for the disparate treatment, but did not eliminate class-of-one claims in

3

circumstances in which the defendant acted out of a spiteful or bad faith motive unrelated to a legitimate objective.  <u>Memorandum of Plaintiff, Tracey Lewis, in Opposition to the Defendant's Motion for Judgment on the Pleadings (d/e 11)</u>, at 4-6.  However, the Supreme Court made no distinction between types of class-of-one cases.  Rather, the Court said that the "'class-of-one' theory of equal protection has no place in the public employment context." <u>Engquist</u>, 128 S.Ct. at 2148-49.  In addition, the plaintiff in <u>Engquist</u> alleged that the defendant employer acted out of "arbitrary, vindictive, and malicious reasons." <u>Id.</u>, at 2147.  The Supreme Court held that she could not proceed on a class-of-one claim based on a bad faith motive theory.  The Supreme Court's decision is clear:  class-of-one equal protections claims are no long available in employment contexts. Binegar is entitled to judgment on the pleadings.

THEREFORE, Defendant Stacey Binegar's Motion for Judgment on the Pleadings (d/e 9) is ALLOWED.  Judgment on the pleadings is entered in favor of Defendant Stacey Binegar and against Plaintiff Tracey Lewis. All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

4

ENTER:  May 6, 2009

    FOR THE COURT:

                                                          s/ Jeanne E. Scott
                                                   JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE